**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AMERICAN FAMILY MUTUAL ) <br> INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STACY WILKINS, et al., ) <br> ) <br> Defendants. ) <br> ) | **CIVIL ACTION** <br><br> No. 05-1329-MLB |

**MEMORANDUM AND ORDER**

This matter comes before the court after a ruling from the Kansas Supreme Court on this court's certification of questions. See Docs. 101 (this court's certification of questions of state law in February 2007); Am. Family Mut. Ins. Co. v. Wilkins, 285 Kan. 1054, 179 P.3d 1104 (Kan. 2008) (Kansas Supreme Court's answer to certified questions in March 2008).

Defendant Allstate Indemnity Company's ("Allstate's") motion for summary judgment (Doc. 79) and plaintiff American Family Mutual Insurance Company's ("American Family's") motion for summary judgment, discharge, and entry of permanent injunction (Doc. 89) can now be resolved. See also Docs. 80, 82, 83, 90, 91, 92, 93, 94 (responsive briefing to motions).

Allstate's motion is DENIED and American Family's motion is GRANTED for the reasons stated more fully herein.

**I.  FACTS AND PROCEDURAL HISTORY**

This case arises out of an automobile accident caused by Laverne Roy on April 4, 2005.  Multiple individuals were injured on that day,

and American Family filed an interpleader action, paying $300,000 into the court (see Docket Entry of November 3, 2005).

The parties disputed whether American Family had paid the correct amount into the court, under the terms of the insurance policy at issue. Resolution of the matter revolved around the word "occurrence" as it was used in the policy, and this court ultimately certified questions to the Kansas Supreme Court for resolution of that state law issue. In addition to resolving the number of occurrences under the insurance policy, American Family also sought injunctive relief from further claims and discharge from further liability.

The Kansas Supreme Court held that two occurrences happened on April 4, 2005. The first occurrence happened when Rebecca Jones swerved to avoid Roy's vehicle, overturned her car, and sustained injuries. The second occurrence happened when Carlton Wolf swerved to avoid Roy's vehicle, rolled his car, and was injured, followed by Craig Wilkins truck striking Roy's vehicle in a head-on collision, in which Craig Wilkins and Chase Wilkins were killed and Stacy Wilkins and Dakota Wilkins were injured.

As a result, the Kansas Supreme Court held that American Family's liability for the events of April 4, 2005 was $400,000. Of that amount, $100,000 applies to the first occurrence, the collision between Roy and Jones. The remainder, $300,000, applies to the second occurrence, the collision between Roy and Wolf and between Roy and Wilkins, where five individuals were injured or killed (i.e., Wolf and Craig, Chase, Stacy and Dakota Wilkins). This is based on the insurance policy's per person limit of $100,000 and a per occurrence limit of $300,000.

## II. ANALYSIS

American Family filed this interpleader action pursuant to the Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397, 2361, and Federal Rule of Civil Procedure 22. An interpleader action is a two-stage litigation process. See, e.g., Fresh Am. Corp. v. Wal-Mart Stores, Inc., 393 F. Supp. 2d 411, 415 (N.D. Tex. 2005)(stating that the first stage of the interpleader action is "for the Court to determine whether a proper case for interpleader is presented" and the second stage is "to determine the rights of the claimants"). The action remains at the first stage of the interpleader litigation process.

American Family's position, after the Kansas Supreme Court's answer to the certified questions, is as follows:

> Given the Supreme Court's ruling, the $300,000 paid into the Court is the appropriate amount for the second occurrence involving multiple claimants. American Family therefore believes that the Court can now grant American Family's motion for summary judgment, discharge and permanent injunction as to the defendants involved in the second occurrence. It may then proceed to determine how the $300,000 should be apportioned between those defendants.
>
> As to the first occurrence, American Family believes that the Kansas Supreme Court's ruling effectively divests the Court of subject matter jurisdiction over any claim arising from that occurrence. Rebecca Jones (and State Farm through her) are the only claimants to the insurance proceeds that might be available as a result of the first occurrence. . . . Because there are not two or more adverse claimants to the insurance proceeds available for the first occurrence, it would appear that there is no federal interpleader jurisdiction over any matters involving Ms. Jones and that she and State Farm should therefore be dismissed.

Letter to the Court, dated April 18, 2008, at 2. State Farm, Rebecca Jones' insurer, believes that "a partial declaratory judgment as to

our interest could be entered and perhaps considered as final for purposes of Rule 54(b)" and that the remainder of the litigation could be limited solely to apportionment of the $300,000 amongst the five individuals in the second occurrence. Letter to the Court, dated April 11, 2008.

The Wilkins defendants "request that the court rule against American Family on its summary judgment motion" and request a scheduling conference so that the court can set deadlines for the resolution of the proportionate amounts for the parties involved in the second occurrence. Letter to the Court, dated April 17, 2008. Wolf concurs with this opinion. Letter to the Court, dated April 22, 200[8]. The Wilkins defendants do not indicate if their request for the court to rule against American Family on its summary judgment motion is simply based on the Kansas Supreme Court's ruling regarding the number of occurrences, or whether they believe American Family's request for injunction relief and discharge should be overruled as well.

Section 1335(a) of the Federal Interpleader Act states:

> The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm, or corporation, association, or society having in his or her custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, . . . if (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits . . .; and if (2) the plaintiff has deposited such money . . . into the registry of the court . . . .

28 U.S.C. § 1335(a).

-4-

Jurisdiction by this court is not challenged as to the individuals involved in the second occurrence. The parties either admit or do not specifically challenge that at least two or more adverse claimants are of diverse citizenship and the amount of money paid into the registry of this court exceeds the statutory prerequisite of $500. (Docs. 69 at 3 ¶ 14; 18 at ¶ 1; 44 at 2 ¶ 14; 65 at 2 ¶ 8; 68 at ¶ 2; 71 at 1 ¶ 1; 74; 77 at ¶ 14.) See also Gen. Atomic Co. v. Duke Power Co., 553 F.2d 53, 56 (10th Cir. 1977) (stating that for federal interpleader jurisdiction "complete diversity is not necessary" and "minimal diversity suffices"). Regarding venue, 28 U.S.C. § 1397 states that "[a]ny civil action of interpleader . . . under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." No party disputes that the court's venue is also proper.

However, as to Jones, the only individual involved in the first occurrence, jurisdiction of this court is no longer appropriate. The interpleader statute requires two or more adverse claimants of diverse citizenship for federal jurisdiction. As the sole claimant of the $100,000 available for the first occurrence, American Family does not meet this requirement as to Jones and her (and her insurers) claim. Jones and her insurer, Allstate, must be dismissed based on this court's lack of subject matter jurisdiction.

As to the five individuals involved in the second occurrence, the case must proceed for resolution of their proportionate shares of the $300,000 already paid into court by American Family. The court will refer this matter to the magistrate for a scheduling conference and management of discovery.

However, American family is no longer necessary for the resolution of this matter.  With the Kansas Supreme Court's ruling, it is clear that the amount needed to be paid into this court for the interpleader action is $300,000.  American Family has already fulfilled this obligation.  American Family also seeks injunctive relief from further claims and discharge from further liability.  28 U.S.C. § 2361 governs the "relief" available to the plaintiff though the Federal Interpleader Act.  It states, in pertinent part:

> In any civil action of interpleader . . . under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any state or United States court affecting the property, instrument, or obligation involved in the interpleader action until further order of the court. . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.  The statute is to be "liberally construed."  State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 533 (1967).  The statute's purpose is to prevent "race to judgment" situations whereby one claimant obtains a judgment or negotiates a settlement and then "appropriate[s] all or a disproportionate slice of the [limited] fund before his fellow claimants were able to establish their claims."  Tashire, 386 U.S. at 533; see also Gen. Atomic Co. v. Duke Power Co., 553 F.2d 53, 57 (10th Cir. 1977) ("The mission of this statute is to administer a limited amount of property and conflicting claims of several litigants to that property.").

Section 2361 "authorizes a federal district court to enter an

-6-

order restraining all claimants from instituting a proceeding in any state or federal court affecting the property, instrument or obligation involved in the interpleader action. The injunctive power is nationwide and is intended to halt any proceeding the court deems inconsistent with the interpleader proceeding." United States v. Major Oil Co., 583 F.2d 1152, 1157 (10th Cir. 1978) (internal citation omitted). American Family seeks such a permanent injunction, "restraining the defendants from initiating or prosecuting actions seeking to, directly or indirectly, recover said funds." (Doc. 89 at 1.)

In addition to the injunction, however, American Family also seeks an order discharging it "from further liability with regard to the funds that it has deposited into Court." (Doc. 89 at 1.) "When an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between the other parties . . . it should be discharged from any and all liability arising out of or based on the policies involved" as long as "no genuine issue exists as to its rights and liabilities." Am. Home Life Ins. Co. v. Barber, No. 02-4168-SAC, 2003 WL 21289986, at *2 (D. Kan. May 16, 2003) (citing Rosenberger v. Nw. Mut. Life Ins. Co., 176 F. Supp. 379, 385 (D. Kan. 1959)); see also United States v. Major Oil Co., 553 F.2d 53, 56 (10th Cir. 1977) (stating that if the plaintiff in the interpleader action is disinterested, "he is entitled to dismissal" and suits can be enjoined).

American Family claims no beneficial interest in the proceeds of the insurance policy. American Family has met the statutory prerequisites for interpleader. It has admitted liability to pay the

insurance proceeds to the proper beneficiary by paying the proper amount into the court.  American Family is therefore a disinterested stakeholder and the court grants its request for an injunction and discharge from all further liability to defendants.  American Family is dismissed from this action.

### III. CONCLUSION

Allstate's motion (Doc. 79) seeking judgment against American Family on American Family's claim that it has paid the proper amount into the court on the insurance policy is DENIED.

American Family's motion (Doc. 89) is GRANTED as to its request for: 1) an order determining that $300,000 is the proper amount to be paid into the court for interpleader, based on this court's dismissal of the parties involved in the first occurrence and the ruling from the Kansas Supreme Court as to the second occurrence; 2) discharge from further liability with regard to the funds; and 3) a permanent injunction restraining defendants from initiating or prosecuting actions to recover the funds.

American Family, Rebecca Jones, and Allstate are dismissed from this action.

This matter is referred to the magistrate judge, for further proceedings consistent with this opinion.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise

of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed five pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __30th__ day of June, 2008, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE